1

THE HONORABLE RICARDO S. MARTINEZ

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9  LISA REINGOLD, an individual and on behalf      No. 2:25-cv-01601-RSM
   of all others similarly situated,

10                                                 **AMAZON'S MOTION TO DISMISS**
                  Plaintiff,                       **COMPLAINT**

11
                                                   NOTE ON MOTION CALENDAR:
12         v.                                      DECEMBER 19, 2025

   AMAZON.COM SERVICES LLC,
13                                                 ORAL ARGUMENT REQUESTED
                  Defendant.

14

15

16

17

18

19

20

21

22

23

24

25

26

AMAZON'S MOTION TO DISMISS
COMPLAINT
(No. 2:25-cv-01601-RSM)

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ........................................................................................ 1

II.    BACKGROUND ......................................................................................... 2

    A.    Through Amazon Prime Video, customers can purchase Digital Content
for streaming or download. ................................................................ 2

    B.    Before customers complete any transaction to purchase Digital Content,
Amazon informs them that they receive a license to the content. .......... 4

    C.    A new California law requires sellers of digital content to inform
customers if they are receiving a license when they buy digital content. .............. 6

    D.    Ms. Reingold asserts California claims on behalf of a putative California-
only class for alleged violation of the California digital-license statute................ 7

III.    ARGUMENT ............................................................................................. 8

    A.    Legal standard for dismissal for lack of standing and failure to state a
claim.................................................................................................. 9

    B.    Ms. Reingold has no Article III standing because she alleges only a
procedural violation of the California digital-license statute and
speculative future harm—not an injury in fact. ..................................... 10

    C.    Ms. Reingold and Amazon agreed that Washington law would exclusively
govern any disputes, so her California claims must all be dismissed................. 14

    D.    Even if Ms. Reingold could establish Article III standing and could assert
claims under California law, her claims must still be dismissed. ....................... 16

        1.    Amazon complies with the California digital-license statute. .................. 16

        2.    Ms. Reingold fails to plead a statutory injury........................................ 18

        3.    Ms. Reingold fails to plead a misrepresentation or an omission. ............. 18

        4.    Ms. Reingold fails to plead reliance. .................................................... 21

        5.    Ms. Reingold fails to plead any "unfair" conduct under the UCL. ........... 22

        6.    Ms. Reingold fails to plead that any "goods" or "services" are at
issue under the CLRA. ...................................................................... 23

    E.    Dismissal should be without leave to amend........................................ 24

IV.    CONCLUSION............................................................................................ 24

AMAZON'S MOTION TO DISMISS
COMPLAINT – i
(No. 2:25-cv-01601-RSM)

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1

## TABLE OF AUTHORITIES

2

**Page(s)**

3  CASES

4  *ACD Distrib., LLC v. Wizards of the Coast, LLC*,

5  2020 WL 3266196 (W.D. Wash. June 17, 2020), *aff'd*, 2021 WL 4027805
(9th Cir. Sept. 3, 2021)................................................................................................14

6  *Ashcroft v. Iqbal*,

7  556 U.S. 662 (2009)..........................................................................................................9

8  *Beagle v. Amazon.com, Inc.*,
2024 WL 4028290 (W.D. Wash. Sept. 3, 2024)..............................................................23

9
*Bell Atl. Corp. v. Twombly*,

10  550 U.S. 544 (2007)..........................................................................................................9

11  *Berryman v. Merit Prop. Mgmt., Inc.*,

12  152 Cal. App. 4th 1544 (2007) .......................................................................................23

13  *Beyer v. Symantec Corp.*,
2019 WL 935135 (N.D. Cal. Feb. 26, 2019) ..................................................................12

14
*Borowsky v. Hamilton Beach Brands, Inc.*,

15  788 F.Supp.3d 1092 (N.D. Cal. 2025) ................................................................10, 11, 12

16  *Cahen v. Toyota Motor Corp.*,

17  717 F. App'x 720 (9th Cir. 2017) ...........................................................................11, 12

18  *Carvalho v. HP, Inc.*,
2022 WL 2290595 (N.D. Cal. June 24, 2022) ................................................................19

19
*Caudel v. Amazon.com, Inc.*,

20  2021 WL 4819602 (E.D. Cal. Oct. 15, 2021) ................................................................13

21  *Cetacean Cmty. v. Bush*,

22  386 F.3d 1169 (9th Cir. 2004) ..........................................................................................9

23  *Chapman v. Pier 1 Imps. (U.S.) Inc.*,
631 F.3d 939 (9th Cir. 2011) ..........................................................................................13

24
*Ciganek v. Portfolio Recovery Assocs., LLC*,

25  190 F. Supp. 3d 908 (N.D. Cal. 2016) ............................................................................17

26

AMAZON'S MOTION TO DISMISS
COMPLAINT – ii
(No. 2:25-cv-01601-RSM)

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

**TABLE OF AUTHORITIES (continued)**

Page(s)

*Clapper v. Amnesty Int'l USA*,
    568 U.S. 398 (2013)...............................................................................................9

*Clevenger v. Welch Foods Inc.*,
    2022 WL 18228293 (C.D. Cal. Dec. 28, 2022) ..................................................21

*Crowell v. Audible*,
    --- F. Supp. 3d ----, 2025 WL 2939260 (W.D. Wash. Oct. 16, 2025) ........................14, 15, 16

*Davidson v. Kimberly-Clark Corp.*,
    889 F.3d 956 (9th Cir. 2018) ..............................................................................13

*Dawson v. Better Booch, LLC*,
    716 F. Supp. 3d 949 (S.D. Cal. 2024)..................................................................19

*Dixon v. Berns*,
    2021 WL 4948186 (W.D. Wash. Oct. 22, 2021)..................................................24

*Ebner v. Fresh, Inc.*,
    838 F.3d 958 (9th Cir. 2016) ..............................................................................19

*Estate of Storey v. Amazon.com Services LLC*,
    2025 WL 887373 (W.D. Wash. Mar. 21, 2025) ..................................................20

*Fairbanks v. Super. Ct.*,
    46 Cal. 4th 56 (2009) ..........................................................................................24

*Freeman v. Time, Inc.*,
    68 F.3d 285 (9th Cir. 1995) ................................................................................21

*Gardiner v. Walmart Inc.*,
    2021 WL 2520103 (N.D. Cal. Mar. 5, 2021) ......................................................18

*Gardner v. Martino*,
    563 F.3d 981 (9th Cir. 2009) ..............................................................................24

*Garner v. Amazon.com, Inc.*,
    603 F. Supp. 3d 985 (W.D. Wash. 2022)............................................................15

*Ghaznavi v. De Longhi Am., Inc.*,
    2023 WL 4931610 (S.D.N.Y. Aug. 2, 2023)................................................12, 14

AMAZON'S MOTION TO DISMISS
COMPLAINT
(No. 2:25-cv-01601-RSM) – iii

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

**TABLE OF AUTHORITIES (continued)**

**Page(s)**

*Great Pac. Sec. v. Barclays Cap., Inc.*,
   743 F. App'x 780 (9th Cir. 2018) ........................................................................21

*Green v. United States*,
   630 F.3d 1245 (9th Cir. 2011) ...............................................................................9

*Hadley v. Kellogg Sales Co.*,
   243 F. Supp. 3d 1074 (N.D. Cal. 2017) ..............................................................22

*Haywood v. Amazon.com, Inc.*,
   2023 WL 4585362 (W.D. Wash. July 18, 2023) .................................................20

*Heinz v. Amazon.com, Inc.*,
   2024 WL 2091108 (W.D. Wash. May 8, 2024) .............................................15, 16

*In re Amazon Prime Video Litigation*,
   No. 2:22-cv-00401-RSM (W.D. Wash. Mar. 15, 2024) ......................................13

*In re Amazon Serv. Fee Litig.*,
   705 F. Supp. 3d 1255 (W.D. Wash. 2023), *aff'd*, 2025 WL 2268252 (9th Cir.
   Aug. 8, 2025) ...................................................................................................15, 16

*In re Coleman*,
   560 F.3d 1000 (9th Cir. 2009) .............................................................................13

*In re Toyota Motor Corp.*,
   790 F. Supp. 2d 1152 (C.D. Cal. 2011) ..............................................................11

*Kolar v. Nespresso USA, Inc.*,
   2025 WL 1717279 (C.D. Cal. June 13, 2025) ....................................................12

*Kumar v. Koester*,
   131 F.4th 746 (9th Cir. 2025) ................................................................................9

*Kwikset Corp. v. Super. Ct.*,
   246 P.3d 877 (Cal. 2011) .....................................................................................18

*Lazebnik v. Apple Inc.*,
   2014 WL 4275008 (N.D. Cal. Aug. 29, 2014) ...................................................23

*Lee v. Oregon*,
   107 F.3d 1382 (9th Cir. 1997) .............................................................................13

AMAZON'S MOTION TO DISMISS
COMPLAINT
(No. 2:25-cv-01601-RSM) – iv

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

**TABLE OF AUTHORITIES (continued)**

**Page(s)**

*Lugo v. Amazon.com, Inc.*,
    2023 WL 6241200 (W.D. Wash. Sept. 26, 2023)............................................................10, 11

*Margolis v. Apple Inc.*,
    743 F. Supp. 3d 1124 (N.D. Cal. 2024) ................................................................................22

*Marquez v. Amazon.com, Inc.*,
    2021 WL 6060670 (S.D. Fla. Nov. 18, 2021), *aff'd*, 69 F.4th 1262 (11th Cir.
    2023) ...............................................................................................................................20, 21

*McKee v. AT & T Corp.*,
    191 P.3d 845 (Wash. 2008) ..................................................................................................14

*Millam v. Energizer Brands, LLC*,
    2022 WL 19001330 (C.D. Cal. Dec. 9, 2022), *aff'd*, 2024 WL 2988210 (9th
    Cir. June 14, 2024)...............................................................................................................21

*Moore v. Trader Joe's Co.*,
    4 F.4th 874 (9th Cir. 2021) .............................................................................................19, 24

*Naimi v. Starbucks Corp.*,
    798 F. App'x 67 (9th Cir. 2019) ...........................................................................................12

*Nat'l Specialty Pharmacy, LLC v. Padhye*,
    734 F. Supp. 3d 922 (N.D. Cal. May 16, 2024).....................................................................19

*Odom v. Microsoft Corp.*,
    486 F.3d 541 ..........................................................................................................................19

*Pearl v. Coinbase Glob., Inc.*,
    2024 WL 3416505 (N.D. Cal. July 15, 2024).......................................................................24

*Savage v. Glendale Union High Sch.*,
    343 F.3d 1036 (9th Cir. 2003) ................................................................................................9

*SmileCare Dental Grp. v. Delta Dental Plan*,
    88 F.3d 780 (9th Cir. 1996) ....................................................................................................9

*Spokeo, Inc. v. Robins*,
    578 U.S. 330 (2016)............................................................................................................9, 10

*Storey v. Amazon.com Servs. LLC*,
    2024 WL 2882270 (W.D. Wash. June 7, 2024).....................................................................15

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

**TABLE OF AUTHORITIES (continued)**

Page(s)

*Taylor v. Apple Inc.*,
  2021 WL 11559513 (N.D. Cal. Mar. 19, 2021) ........................................................18

*Thomas v. Costco Wholesale Corp.*,
  2014 WL 1323192 (N.D. Cal. Mar. 31, 2014) ..........................................................22

*Town of Chester v. Laroe Ests., Inc.*,
  581 U.S. 433 (2017) ..................................................................................................13

*TransUnion LLC v. Ramirez*,
  594 U.S. 413 (2021) ..................................................................................................10

*Trazo v. Nestle USA, Inc.*,
  2013 WL 4083218 (N.D. Cal. Aug. 9, 2013) ...........................................................21

*Victor v. R.C. Bigelow, Inc.*,
  2014 WL 1028881 (N.D. Cal. Mar. 14, 2014) ..........................................................21

*Watkins v. MGA Ent., Inc.*,
  550 F. Supp. 3d 815 (N.D. Cal. 2021) ......................................................................21

*Williams v. Apple Inc.*,
  449 F. Supp. 3d 892 (N.D. Cal. 2020) ......................................................................22

*Williams v. Gerber Prods. Co.*,
  552 F.3d 934 (9th Cir. 2008) ....................................................................................16

*Wiseley v. Amazon.com, Inc.*,
  709 F. App'x 862 (9th Cir. 2017) .............................................................................16

*Woulfe v. Universal City Studios LLC*,
  2022 WL 18216089 (C.D. Cal. Dec. 20, 2022) ........................................................23

**STATUTES**

Cal. Bus. & Prof. Code § 17200 ....................................................................................16

Cal. Bus. & Prof. Code § 17500.6 ................................................................6, 7, 17, 18

Cal. Civ. Code § 1761(b) ...............................................................................................23

Cal. Civ. Code § 1770(a) ..........................................................................................16, 23

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1

**TABLE OF AUTHORITIES (continued)**

2

**Page(s)**

3

**OTHER AUTHORITIES**

4

Federal Rule of Civil Procedure 12(b)...........................................................................................9

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

### I.    INTRODUCTION

Digital content that customers buy through Amazon Prime Video is subject to a license that explains the content might *potentially* become unavailable due to third-party content providers. Amazon informs customers before they buy digital content that those purchases are subject to the license and provides a web address where customers can review the license terms in full. Customers also contractually agree to the license when they create an Amazon account and when they accept the Amazon Prime Video Terms of Use by purchasing digital content. Plaintiff Lisa Reingold admits that when she bought digital content she "encountered a purchase flow" notifying her about the license ***and*** that Amazon's contracts "confirmed" the license. She does not allege that the content she purchased has become unavailable to her, that the license to it has been revoked, or that she has lost access to it for any reason.

Yet Ms. Reingold inexplicably contends that she believed she was buying digital content that was not subject to a license or to any potential availability or viewing restrictions. She implausibly asserts that she and other consumers who buy digital content think they are purchasing unrestricted ownership like they would for a physical VHS or DVD. She bases that theory on a supposed failure to comply with a new California statute requiring point of sale notice before customers complete a transaction that (a) digital goods are sold as a license and (b) a way for customers to review the terms of the license before they buy the content. She further contends this supposed noncompliance in turn violates three California consumer-protection statutes: the Unfair Competition Law (UCL), the False Advertising Law (FAL), and the Consumers Legal Remedies Act (CLRA).

Ms. Reingold's theory fails on multiple fronts, and her Complaint should be dismissed in its entirety and without leave to amend. ***First***, she lacks Article III standing to pursue these claims, and so the Court lacks subject matter jurisdiction. Her purported injury is nothing more than a bare procedural violation of a statute, which the U.S. Supreme Court has repeatedly held cannot establish standing. And her attempt to plead around this fatal defect by alleging she overpaid for

AMAZON'S MOTION TO DISMISS
COMPLAINT
(No. 2:25-cv-01601-RSM) – 1

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

the content likewise falls short. Indeed, the supposed injury is too conclusory, belied by the fact that the license was disclosed to her and she contractually agreed to it, and depends on revocation of access by a third-party content provider—a speculative, contingent event that may never come to pass.

*Second*, even if Ms. Reingold could establish standing, her California claims are foreclosed by Amazon's Conditions of Use, which she accepted and therefore agreed that Washington law would exclusively apply to any dispute with Amazon. Judges within this District routinely apply this precise reading to the Conditions of Use and dismiss similar actions attempting to enforce California statutes in violation of this Washington-law requirement—including a case dismissed for this reason just weeks ago. Ms. Reingold's California-only claims must therefore be dismissed.

*Third*, Ms. Reingold otherwise fails to state a plausible claim to relief under any of the California statutes, even if she were to clear the standing and choice of law hurdles. Amazon complies with the California statute requiring disclosure of a digital-content license before purchase—*as the images in Ms. Reingold's own Complaint show*. With no predicate violation to underpin her claims under the UCL, FAL, or CLRA, those likewise fail. And even if Amazon did not comply with the statute, Ms. Reingold cannot show that any consumer would have been misled about what they were buying or reasonably think their digital-content purchase was not subject to a license and came with absolutely no restrictions. Amazon's disclosure and contractual terms affirmatively dispel any such belief and foreclose her statutory claims.

## II.    BACKGROUND

### A.    Through Amazon Prime Video, customers can purchase Digital Content for streaming or download.

Through Amazon Prime Video, customers can buy digital movies, television shows, and other video content (collectively, "Digital Content"). *See* Compl. ¶ 1, Dkt. No. 1. Digital Content purchases are subject to the Amazon Conditions of Use ("COU"), the Amazon Prime Video Terms of Use ("Prime Video Terms"), and the Amazon Prime Video Usage Rules ("Usage Rules.").

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1   Declaration of Rebecca Hartley in Support of Motion to Dismiss ("Hartley Decl.") ¶¶ 2–5, Exs.

2   1–3; *see also* Compl. ¶ 1 n.2.

3          To purchase Digital Content, customers must have an Amazon.com account and agree to

4   the COU. Hartley Decl. ¶ 6; *see also id.* ¶ 3, Ex. 1 ("By using the Amazon Services, you agree . . .

5   to the following conditions."). On the screen where customers can create an account, they are

6   prompted to enter their mobile number or email address. Hartley Decl. ¶¶ 6–7, Ex. 4. Amazon

7   informs customers on the screen that "[b]y continuing, you agree to Amazon's <u>Conditions of Use</u>

8   and <u>Privacy Notice</u>." *Id.* ¶ 7, Ex. 4. That notice is just below a yellow button with offsetting black

9   font that says, "Continue" and which much be selected to create an account. *Id.*



20  *Id.* ¶ 7, Ex. 4.

21         Customers can review the COU by selecting the blue hyperlinked text "Conditions of Use."

22  Hartley Decl. ¶ 9. When a customer selects the hyperlink, the COU are displayed in their entirety

23  for the customer to review. *Id.* Customers can also access and review the COU from the bottom of

24  the account-creation screen, from the Amazon.com homepage, and from the bottom of product

25  pages on Amazon.com. *Id.* ¶ 10.

26

AMAZON'S MOTION TO DISMISS
COMPLAINT
(No. 2:25-cv-01601-RSM) – 3

Customers must agree to the COU to create an account. *Id.* ¶ 6. And each time a customer signs in to Amazon.com after they have an account, they again agree to the COU. *See id.*

Through the COU, customers and Amazon agree that Washington law exclusively applies to any disputes: "[b]y using any Amazon Service, you agree that applicable federal law, and ***the laws of the state of Washington***, without regard to principles of conflict of laws, ***will govern*** these Conditions of Use and ***any dispute of any sort that might arise between you and Amazon***." Hartley Decl. ¶ 3, Ex. 1 (emphasis added).

**B.    Before customers complete any transaction to purchase Digital Content, Amazon informs them that they receive a license to the content.**

Customers can buy Digital Content on Amazon.com or through the Prime Video app. Compl. ¶¶ 21, 30. All Digital Content available through Amazon Prime Video is subject to a license. *See id.* ¶ 1; Hartley Decl. ¶¶ 4–5, Ex. 2 at 4. When a user purchases Digital Content, they can watch it as often as they want "over an indefinite period of time" subject to a "limited license." Hartley Decl. ¶ 4, Ex. 2 at 2. The license is disclosed to customers multiple ways: on the product page for Digital Content; before the payment transaction; and via the COU, the Prime Video Terms, and the Usage Rules. *See* Compl. ¶¶ 23–24, 32–33; Hartley Decl. ¶¶ 3–5, Ex. 1 at 2; Ex. 2 at 4; Ex. 3 at 1.

Before customers complete a transaction to buy (or rent) Digital Content, they receive a pop-up notice that tells them "BY BUYING OR RENTING, YOU RECEIVE A LICENSE TO THE VIDEO AND YOU AGREE TO OUR TERMS AT PRIMEVIDEO.COM/TERMS." Compl. ¶ 24. The notice is capitalized (or bolded) and in white font against a black background. *Id.* It is located near the "Buy" button a customer must select to complete their transaction for the Digital

AMAZON'S MOTION TO DISMISS
COMPLAINT
(No. 2:25-cv-01601-RSM) – 4

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1    Content. *Id.* There is also a blue or gray "Cancel" button if the customer chooses not to buy the

2    content. *See id.*





26    *Id.* ¶¶ 23, 32.

AMAZON'S MOTION TO DISMISS
COMPLAINT
(No. 2:25-cv-01601-RSM) – 5

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

If a customer does not want to purchase content subject to a license (or for some other reason), they can choose not to complete their transaction. *See* Hartley Decl. ¶ 11. The transaction is not complete until a customer selects the Buy button. *Id.*

The Prime Video Terms available at the web address provided in the pop-up notice explain the terms of the license: "Purchased Digital Content will generally continue to be available to you for download or streaming" but "***may become unavailable due to potential content provider licensing restrictions or for other reasons***."[1] Hartley Decl. ¶ 4, Ex. 2 at 4 (emphasis added); *see also id.* Ex. 2 at 4 ("Subject to payment of any charges to rent, purchase, or access Digital Content . . . Amazon grants you a . . . limited license . . . to access and view the Digital Content in accordance with the Usage Rules . . . ."). The license applies in part because third parties own much of the Digital Content that Amazon sells and control the availability of that content. *See id.* at 1 (referring to "restrictions . . . by content providers"). Amazon and customers agree that Amazon is "not . . . liable . . . if Purchased Digital Content becomes unavailable for further download or streaming." *Id.* at 4.

The Prime Video Terms also explain that the Usage Rules apply to Digital Content. Hartley Decl. ¶ 5, Ex. 3. The Usage Rules restate key terms about Digital Content purchases, including "the length of time" that Digital Content is "available" and that there may be "restrictions on viewing." *Id.* Ex. 3 at 1.

### C.    A new California law requires sellers of digital content to inform customers if they are receiving a license when they buy digital content.

The California Digital Property Rights Transparency Law went into effect on January 1, 2025. The law amended California's False Advertising Law to require sellers of digital goods to inform customers purchasing digital content if they are "receiving a license to access the digital good." Cal. Bus & Prof. Code § 17500.6(b)(1)(A)(i). The statute deems it "unlawful" to sell "a

---

[1] The Prime Video Terms are also identified on the product pages for Digital Content and incorporated in the COU. *See* Hartley Decl. ¶ 3, Ex. 1.

AMAZON'S MOTION TO DISMISS
COMPLAINT
(No. 2:25-cv-01601-RSM) – 6

digital good . . . with the terms 'buy,' 'purchase,' or any other term which a reasonable person would understand to confer an unrestricted ownership interest in the digital good," *id.* § 17500.6(b)(1), **unless** "[t]he seller provides to the consumer before executing each transaction a clear and conspicuous statement" that (1) "[s]tates in plain language that "buying" or "purchasing" the digital good is a license" and (2) "[i]ncludes a hyperlink, QR code, or similar method to access the terms and conditions that provide full details on the license," *id.* § 17500.6(b)(1)(B).[2]

The statute explains that "'[c]lear and conspicuous' means in a manner that clearly calls attention to the language, such as in larger type than the surrounding text, or in contrasting type, font, or color to the surrounding text of the same size, or set off from the surrounding text of the same size by symbols or other marks." *Id.* § 17500.6(a)(1).

### D.    Ms. Reingold asserts California claims on behalf of a putative California-only class for alleged violation of the California digital-license statute.

Using an Amazon account, Ms. Reingold "purchased a digital copy of Bella and the Bulldogs – Volume 4 on [Amazon's] website on May 19, 2025 for $17.79." Compl. ¶ 5. The Complaint confirms that before completing her transaction, Amazon informed her that by buying the content, she would "receive a license to the digital content" and provided the web address at which she could review the terms of the license. *Id.* ¶ 32.

Ms. Reingold nevertheless alleges that Amazon purportedly "violat[ed] the California Digital Property Rights Transparency Law" by "advertising to consumers that they could 'buy,' 'purchase,' and 'Add to Cart,' audiovisual works on its website without satisfying" the statute.[3] *Id.* ¶ 3. She asserts that for Digital Content purchases, consumers believe "that their purchase has

---

[2] The statute does not apply if "access" to a good "cannot" be "revoke[d] . . . after the transaction, which includes making the digital good available at the time of purchase for permanent offline download to an external storage source to be used without a connection to the internet." Cal. Bus & Prof. Code § 17500.6(b)(4)(C). And when the statute applies, a seller can also comply by obtaining "an affirmative acknowledgment from the purchaser" that meets certain criteria. *Id.* § 17500.6(b)(1)(A). For purposes of this Motion only and because Ms. Reingold does not allege that Amazon failed to comply with the download exception, Amazon does not address the exception or this second method of compliance.

[3] For purposes of this Motion, Amazon refers to the California Digital Property Rights Transparency Law as the "California digital-license statute."

given them permanent ownership of that digital good." *Id.* ¶ 35. Ms. Reingold does not allege that she can no longer access the Digital Content she purchased or that it is otherwise unavailable for viewing.

On the basis of the purported violation of the California digital-license statute, Ms. Reingold asserts claims under three California consumer-protection statutes: the UCL, the FAL, and the CLRA. She seeks to litigate those claims on behalf of a California-only class: "all persons in California who have purchased a digital audiovisual work from Amazon." *Id.* ¶¶ 36, 43–88. She seeks damages, restitution, punitive damages, injunctive relief, and attorney fees. *See id.* ¶¶ 73, 87; *see also id.* at 24 (Prayer for Relief).

## III.    ARGUMENT

The Court should dismiss Ms. Reingold's Complaint in its entirety. At the outset, she lacks Article III standing because her claims all rest on an alleged technical violation of the California digital-license statute. Amazon complies with the statute, but even if it did not, the mere violation of a statute without an injury in fact does not create Article III standing. Nor can Ms. Reingold establish the required injury with a conclusory assertion that she overpaid for the Digital Content because it could potentially become unavailable at some point in the future.

And even if Ms. Reingold could establish Article III standing, her claims must still be dismissed. Because she agreed via the COU that Washington law would apply to any dispute with Amazon, she cannot proceed with claims under California law as she has exclusively done here. Beyond that, she fails to plausibly allege these claims. Amazon fully complies with the California digital-license statute to provide a clear and conspicuous statement that customers are buying Digital Content subject to a license, and so does not show any violation that could serve as a predicate for her claims under the UCL, FAL, and the CLRA. She also fails to allege any injury under these statutes, any misrepresentation or omission, any reliance on a misrepresentation or omission, or any "unfairness." Because Amazon discloses that customers are buying Digital Content subject to a license with potential availability restrictions ***and*** customers contractually

1    agree to that license term, there is no misrepresentation or omission that could possibly give rise

2    to a claim under any of these consumer-protection statutes.

3    **A.    Legal standard for dismissal for lack of standing and failure to state a claim.**

4    Article III's "case-or-controversy requirement" requires a plaintiff to "establish that they

5    have standing to sue." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013) (citation modified).

6    The "irreducible constitutional minimum of standing consists of three elements": (1) "an injury in

7    fact," (2) "that is fairly traceable to the challenged conduct of the defendant," and (3) that "is likely

8    to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)

9    (citation modified). "Injury in fact is the threshold requirement for standing and can be difficult to

10   satisfy." *Kumar v. Koester*, 131 F.4th 746, 751 (9th Cir. 2025). The party invoking federal

11   jurisdiction has the burden of establishing standing. *Spokeo*, 578 U.S. at 338. If a plaintiff lacks

12   standing, the court lacks subject matter jurisdiction and must dismiss. *Cetacean Cmty. v. Bush*,

13   386 F.3d 1169, 1174 (9th Cir. 2004).

14   In evaluating a Rule 12(b)(1) motion, the court may consider materials beyond the

15   pleadings when there is a factual challenge to subject matter jurisdiction. *Savage v. Glendale*

16   *Union High Sch.*, 343 F.3d 1036, 1040, n.2 (9th Cir. 2003). Accordingly, "proof of jurisdictional

17   facts may be supplied by affidavit, declaration, or any other evidence properly before the court."

18   *Green v. United States*, 630 F.3d 1245, 1248 n.3 (9th Cir. 2011).

19   Federal Rule of Civil Procedure 12(b)(6) requires dismissal when a plaintiff fails to plead

20   facts that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S.

21   544, 570 (2007); *see also* Fed. R. Civ. P. 12(b)(6). When "the well-pleaded facts do not permit the

22   court to infer more than the mere possibility of misconduct" or support only an "obvious alternative

23   explanation" for the alleged harm, the claims should be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662,

24   679, 682 (2009) (citation modified). The Court may dismiss under Rule 12(b)(6) when a complaint

25   lacks a "cognizable legal theory" or states "insufficient facts under a cognizable legal claim."

26   *SmileCare Dental Grp. v. Delta Dental Plan*, 88 F.3d 780, 783 (9th Cir. 1996) (citation modified).

AMAZON'S MOTION TO DISMISS
COMPLAINT
(No. 2:25-cv-01601-RSM) – 9

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1

**B.    Ms. Reingold has no Article III standing because she alleges only a procedural violation of the California digital-license statute and speculative future harm—not an injury in fact.**

2

3    A "bare procedural violation" of a statute that is "divorced from any concrete harm" does

4    not satisfy Article III's injury-in-fact requirement. *Spokeo*, 578 U.S. at 341. Accordingly, the

5    Supreme Court has "rejected the proposition that a plaintiff automatically satisfies the injury-in-

6    fact requirement whenever a statute grants a person a statutory right and purports to authorize that

7    person to sue to vindicate that right." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 414 (2021)

8    (citation modified). That is because "Article III grants federal courts the power to redress harms

9    that defendants cause plaintiffs, not a freewheeling power to hold defendants accountable for

10    [alleged] legal infractions." *Id.* at 427 (citation modified).

11    Ms. Reingold's claims all rest on an alleged procedural violation of the California digital-

12    license statute: that Amazon supposedly did not give clear and conspicuous notice of the license

13    for her Digital Content purchase in the precise manner required by the statute. *See, e.g.*, Compl.

14    ¶¶ 23–28. The Complaint confirms this, declaring that "[t]his is a class action suit . . . ***for violating***

15    ***the California Digital Property Rights Transparency Law***," *id.* ¶ 1 (emphasis added), and alleging

16    that Amazon "violated this law by advertising to consumers that they could 'buy,' 'purchase,' and

17    'Add to Cart,' audiovisual works on its website without satisfying" the statute's requirements, *id.*

18    ¶ 3.

19    Ms. Reingold's failure to allege an ***actual injury*** from this alleged statutory violation

20    dooms her claim. She does not allege that she lost access to the Digital Content she purchased, let

21    alone because a license to it was revoked, or that it is otherwise unavailable to her. Unless and

22    "until the alleged statutory violation causes" Ms. Reingold some "concrete injury," though,

23    "Article III's standing requirement precludes federal suit." *Borowsky v. Hamilton Beach Brands,*

24    *Inc.*, 788 F.Supp.3d 1092, 1097 (N.D. Cal. 2025). Two recent cases underscore this point. In *Lugo*

25    *v. Amazon.com, Inc.*, the plaintiffs alleged violations of New York and Minnesota statutes for the

26    "alleged unlawful retention of personally identifiable information" collected during rental

transactions through Amazon Prime Video. 2023 WL 6241200, at *1 (W.D. Wash. Sept. 26, 2023). Judge Tana Lin of this District dismissed for lack of standing under Article III because the plaintiffs "allege[d] only that [Amazon] has retained their personally identifiable information in violation of a statutory duty." *Id.* at *4. The plaintiffs did "*not* allege that the information was unlawfully obtained or disclosed to a third party." *Id.* at *3 (emphasis in original). Just as in this case, a "statutory violation, without more, is not enough to establish a concrete injury." *Id.* at *4.

Similarly, in *Borowsky v. Hamilton Beach Brands*, the plaintiff alleged violation of a California statute prohibiting an express warranty from starting to run earlier than the date of delivery because the warranty started two days before delivery. 788 F. Supp. 3d at 1094. The plaintiff asserted that "she would have paid less for the product" because "the value of the warranty was reduced by two days" and the company "short-changed the full value of the warranties." *Id.* at 1094, 1096 (citation modified). The court held that the plaintiff's "alleged injury is too speculative to establish standing" because she did not claim "her appliance is broken or malfunctioned" or that "she submitted any claim under the warranty that was denied." *Id.* at 1095. Under those circumstances, the only purported "injury" was "a statutory violation with only speculative harm" and "many steps removed" from an injury in fact. *Id.* at 1095–96. The same is true here, and the Court lacks subject matter jurisdiction.

Ms. Reingold attempts to cure this deficiency by alleging that she overpaid for the Digital Content "under the belief that [she] owned" the content "outright" when it could actually become unavailable at some point. Compl. ¶ 56. This "overpayment" theory fails for at least three reasons.

*First*, Ms. Reingold cannot just allege—with no supporting facts—that she overpaid for content. To establish standing based on an overpayment, a plaintiff must provide more than "conclusory allegations that their [products] are worth less." *Cahen v. Toyota Motor Corp.*, 717 F. App'x 720, 724 (9th Cir. 2017); *see also In re Toyota Motor Corp.*, 790 F. Supp. 2d 1152, 1165 & n.11 (C.D. Cal. 2011) (explaining that a plaintiff must allege "something more" than just "overpaying"). They must allege, for example, "how much they paid for" a product, "how much

1    they would have paid for it absent the alleged deception," and "any other details regarding the

2    price premium." *Naimi v. Starbucks Corp.*, 798 F. App'x 67, 70 (9th Cir. 2019). Ms. Reingold

3    doesn't do that. She alleges only that she "paid" an unidentified "price premium" and "would have

4    paid substantially less" had she known about the license. Compl. ¶¶ 56, 58. Those assertions are

5    too conclusory to satisfy Article III. *See Cahen*, 717 F. App'x at 723 (affirming conclusion that

6    allegations a plaintiff "either would not have purchased their [products] or would have paid less

7    for them had they known about" are insufficient for Article III); *Beyer v. Symantec Corp.*, 2019

8    WL 935135, at *4 (N.D. Cal. Feb. 26, 2019) (dismissing for lack of standing when plaintiffs

9    alleged only "a bare assertion that they overpaid" for a product).

10          *Second*, Ms. Reingold's alleged "[o]verpayment injuries are premised on deceit," but there

11    are no such injuries where a company discloses to a customer exactly what the customer is buying

12    and they still choose to buy it. *Kolar v. Nespresso USA, Inc.*, 2025 WL 1717279, at * 4 (C.D. Cal.

13    June 13, 2025) (citation modified). Here, Ms. Reingold's assertion that she overpaid because she

14    thought she was buying a product without any licensing restrictions and infinite uninterrupted

15    access is belied by the pre-purchase disclosure she admittedly "encountered" ***and*** the contractual

16    terms that "confirmed" the license. Compl. ¶¶ 5, 34. Amazon notified Ms. Reingold that her

17    purchase was subject to a license, and she had the opportunity to review its full terms.

18    "[C]onsumers," like Ms. Reingold, "who are aware of a product's true nature (in other words, to

19    whom the terms of the deal are fully disclosed) cannot claim that they would have paid less for a

20    product had they been informed." *Ghaznavi v. De Longhi Am., Inc.*, 2023 WL 4931610, at *6

21    (S.D.N.Y. Aug. 2, 2023); *see also Borowsky*, 788 F. Supp. 3d at 1096 (holding that the allegation

22    the plaintiff "would have paid less for the product" was "implausible" because she "had access to

23    the warranty's terms," which "disclose[d] the warranty did not comply with California law").

24          *Third*, Ms. Reingold's "overpayment" theory also fails because it is based on nothing more

25    than the mere threat of speculative future harm that may never occur. The purported lesser value

26    of the Digital Content results from the *potential* unavailability of that content under the terms of

AMAZON'S MOTION TO DISMISS
COMPLAINT
(No. 2:25-cv-01601-RSM) – 12

1    the license. And that potential unavailability necessarily depends on a "chain of speculative

2    contingencies" that may never happen: a third-party content provider deciding at some point to

3    revoke the viewing rights for the specific content that Ms. Reingold happens to have purchased.

4    *Lee v. Oregon*, 107 F.3d 1382, 1388 (9th Cir. 1997). Even Ms. Reingold acknowledges that is

5    merely a possibility and would occur only "***if*** Amazon loses the rights [to] the movie altogether."

6    Compl. ¶ 2 (emphasis added). "Where a dispute hangs on future contingencies" like these, "it may

7    be too impermissibly speculative to present a justiciable controversy." *In re Coleman*, 560 F.3d

8    1000, 1005 (9th Cir. 2009) (citation modified). Any harm that could occur has yet to happen, and

9    there is no indication that it will happen. *See, e.g.*, *Caudel v. Amazon.com, Inc.*, 2021 WL 4819602,

10   at *2–3 (E.D. Cal. Oct. 15, 2021) (concluding that although "[e]conomic injuries may be sufficient

11   to constitute an injury-in-fact," the plaintiff "has not demonstrated . . . she [is] in imminent danger

12   of losing a video from her library").[4]

13           Ms. Reingold may refer to this Court's decision on Article III standing in *In re Amazon

14   Prime Video Litigation* to support her theory of standing, but that case rested on different facts.

15   No. 2:22-cv-00401-RSM (W.D. Wash. Mar. 15, 2024), Dkt. No. 83. There, the Court concluded

16   that the plaintiffs had alleged standing on an overpayment theory as to Digital Content because

17   they had alleged "this injury was caused by Amazon's misrepresenting how consumers can 'buy'

18   Digital Content from Amazon." *Id.* at 5. There is no similar alleged misrepresentation here because

19   the purported injury is just a technical violation of the California digital-license statute. That statute

20   was not in effect then, and in any event, the plaintiffs did not base their claims on that kind of

21   statutory violation. And even if there were an alleged misrepresentation here about "how"

22

23           ─────────────
        [4] Even if the Court did not dismiss the Complaint in full for lack of standing, it should still do so as to Ms.
     Reingold's request for injunctive relief. *See* Compl. ¶¶ 73, 87. A plaintiff "must … demonstrate standing" under

24   Article III "to pursue injunctive relief." *Town of Chester v. Laroe Ests., Inc.*, 581 U.S. 433, 439 (2017) (citation
     modified). Article III standing in the injunctive-relief context requires a plaintiff to plead facts showing "a real and

25   immediate threat of repeated injury in the future." *Chapman v. Pier 1 Imps. (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir.
     2011) (citation modified). A plaintiff must at least allege that (1) they "will not" make another "purchase . . . although

26   [they] would like to" or (2) they "might purchase the product in the future" despite the alleged deception. *Davidson v.
     Kimberly-Clark Corp.*, 889 F.3d 956, 970 (9th Cir. 2018). Ms. Reingold does not allege either of those things.

AMAZON'S MOTION TO DISMISS
COMPLAINT
(No. 2:25-cv-01601-RSM) – 13

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

customers can buy Digital Content, it is affirmatively disproven by Amazon's specific disclosure of the license before the purchase transaction is completed. *See supra* § III.D.3. That was also not at issue in the earlier case.

At bottom, Ms. Reingold lacks an injury in fact, and the Court must dismiss the action for lack of subject matter jurisdiction. *See, e.g.*, *Ghaznavi*, 2023 WL 4931610, at \*4 (dismissing statutory warranty claim for lack of standing because "it is not enough for a federal statute to create a cause of action and authorize individuals to sue to vindicate that right; the plaintiff must also be personally harmed by the violation").

### C.    Ms. Reingold and Amazon agreed that Washington law would exclusively govern any disputes, so her California claims must all be dismissed.

Even if Ms. Reingold could establish Article III standing, Ms. Reingold agreed to a Washington choice of law provision and the Complaint must be dismissed because she asserts only California claims. Courts "generally enforce contract choice of law provisions." *McKee v. AT & T Corp.*, 191 P.3d 845, 851 (Wash. 2008). Accordingly, when parties agree to a Washington choice of law provision but the plaintiff asserts claims under a different state's law, courts will dismiss the non-Washington claims. *See, e.g.*, *Crowell v. Audible*, --- F. Supp. 3d ----, 2025 WL 2939260, at \*4 (W.D. Wash. Oct. 16, 2025) ("If Audible is correct that Washington law applies, [the plaintiffs'] claims under California law must be dismissed."). Courts decline to enforce these provisions only when the plaintiff establishes an actual conflict of law ***and*** one of two narrow exceptions: (1) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice or (2) application of the law of the chosen state "would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which . . . would be the state of the applicable law in the absence of an effective choice of law by the parties." *ACD Distrib., LLC v. Wizards of the Coast, LLC*, 2020 WL 3266196, at \*1 (W.D. Wash. June 17, 2020), *aff'd*, 2021 WL 4027805 (9th Cir. Sept. 3, 2021).

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Consistent with the plain language of the Amazon COU and the law favoring the enforcement of choice of law provisions, judges in this District routinely dismiss claims against Amazon that are asserted under non-Washington law:

- Dismissing plaintiffs' California claims against Audible, an Amazon affiliate, because "when [the plaintiffs] signed in to their accounts on Audible's website, they agreed that Washington law would govern any dispute[.]" *Crowell*, 2025 WL 2939260, at *1;

- "Because Washington law controls this dispute [with Amazon], Heinz's complaint containing exclusively California claims fails to state a claim on which relief can be granted." *Heinz v. Amazon.com, Inc.*, 2024 WL 2091108, at *5 (W.D. Wash. May 8, 2024);

- Dismissing plaintiffs' "California statutory consumer protection claims" because of the Washington choice of law provision in the COU. *In re Amazon Serv. Fee Litig.*, 705 F. Supp. 3d 1255, 1262–64 (W.D. Wash. 2023), *aff'd*, 2025 WL 2268252 (9th Cir. Aug. 8, 2025); and

- Dismissing non-Washington claims because under the COU, "Washington law applies to the wiretap claims." *Garner v. Amazon.com, Inc.*, 603 F. Supp. 3d 985, 995, 1004 (W.D. Wash. 2022).

This Court should likewise dismiss Ms. Reingold's California-only claims. When she created her Amazon account and then again each time she signed into her account, she agreed that Washington law would apply to any disputes with Amazon.[5] The COU provide that "***the laws of the state of Washington***, without regard to principles of conflict of laws, ***will govern . . . any dispute of any sort that might arise between you and Amazon***." Hartley Decl. ¶ 3, Ex. 1 at 6 (emphasis added). The "extremely broad" choice of law provision in the COU encompasses Ms. Reingold's California claims related to her Digital Content purchase from Amazon. *See Heinz*, 2024 WL 2091108, at *4 (holding that the Amazon COU's "extremely broad" choice-of-law

---

[5] Courts consistently conclude that customers agree to the Amazon COU when they create and log in to Amazon accounts. *See, e.g.*, *Storey v. Amazon.com Servs. LLC*, 2024 WL 2882270, at *6 n.6 (W.D. Wash. June 7, 2024); *Crowell*, 2025 WL 2939260, at *5–6.

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1   provision "encompasses claims that arise in tort, including" claims under the California Invasion

2   of Privacy Act). And there is no actual conflict between Washington and California's consumer

3   protection statutes or an exception to enforcement of the choice of law provision that might apply.

4   *Wiseley v. Amazon.com, Inc.*, 709 F. App'x 862, 863 (9th Cir. 2017) (recognizing that

5   "Washington's and California's consumer protection laws . . . appear to be substantially similar");

6   *In re Amazon Serv. Fee Litig.*, 705 F. Supp. 3d at 1265-66 (collecting cases and explaining that

7   "the California statutes [the UCL, FAL, and CLRA] invoked by Plaintiff appear to target the same

8   kinds of unfair or deceptive behavior covered by the Washington Consumer Protection Act").

9       "Because Washington law controls this dispute," Ms. Reingold's "complaint containing

10  exclusively California claims fails to state a claim on which relief can be granted." *Heinz*, 2024

11  WL 2091108, at *5; *see also Crowell*, 2025 WL 2939260, at *10 ("Because Crowell and Smith

12  agreed to Washington law, their complaint containing exclusively California claims fails to state

13  a claim upon which relief may be granted.").

14      **D.      Even if Ms. Reingold could establish Article III standing and could assert
            claims under California law, her claims must still be dismissed.**

15

16      Even if Ms. Reingold could establish Article III standing *and* Washington law did not

17  exclusively apply, the Complaint should still be dismissed. The UCL prohibits any "unlawful,

18  unfair, or fraudulent business act or practice," Cal. Bus. & Prof. Code § 17200; the FAL prohibits

19  "unfair, deceptive, untrue, or misleading advertising," *Williams v. Gerber Prods. Co.,* 552 F.3d

20  934, 938 (9th Cir. 2008); and the CLRA prohibits "unfair methods of competition and unfair or

21  deceptive acts or practices," Cal. Civ. Code § 1770(a). Ms. Reingold fails to plausibly allege any

22  of those claims.

23      **1.      Amazon complies with the California digital-license statute.**

24      Ms. Reingold's UCL, FAL, and CLRA claims are based on an alleged failure to comply

25  with the California digital-license statute. *See* Compl. ¶¶ 45–46 (UCL claim based on a purported

26  violation of the California digital-license statute), 66 (same for FAL claim), 76 (same for CLRA

AMAZON'S MOTION TO DISMISS
COMPLAINT
(No. 2:25-cv-01601-RSM) – 16

claim). But the alleged facts and the plain language of the statute show that Amazon fully complies. Ms. Reingold therefore fails to state a claim under any of those consumer-protection statutes as to this alleged conduct.

If digital content is sold subject to a license, the seller must disclose the license via a "clear and conspicuous" statement "before executing" the purchase transaction. Cal. Bus. & Prof. Code § 17500.6(a)(1)(B). The statement must "[s]tate[] in plain language that 'buying' or 'purchasing' the digital good is a license" and "[i]nclude[] a hyperlink, QR code, or similar method to access the terms and conditions that provide full details on the license." *Id.* To be clear and conspicuous, the statement must be presented "in a manner that clearly calls attention to the language, such as in larger type than the surrounding text, or in contrasting type, font, or color to the surrounding text of the same size, or set off from the surrounding text of the same size by symbols or other marks." *Id.* § 17500.6(a)(1).

Amazon's disclosure satisfies these requirements. *See Ciganek v. Portfolio Recovery Assocs., LLC*, 190 F. Supp. 3d 908, 914 (N.D. Cal. 2016) (explaining that "[i]t is axiomatic that in the interpretation of a statute where the language is clear, its plain meaning should be followed" (citation modified)). Before customers can complete a transaction to purchase Digital Content, Amazon tells them that "BY BUYING OR RENTING, YOU RECEIVE A LICENSE TO THE VIDEO" and provides the web address where they can review the full terms of the license. Compl. ¶ 23; *see also id.* ¶ 32. That provides the statutorily required information: a statement that the customer is receiving a license to the content when they buy it and a method to access the "full details on the license." Cal. Bus. & Prof. Code § 17500.6(a)(1).

The statement is also "clear and conspicuous." *Id.* It is presented via a pop-up screen that a customer must navigate through to complete their transaction to purchase content. *See* Compl. ¶¶ 23, 32. The statement is close to both the "Buy" button and the "Cancel" button, in capitalized or bolded white font set against a black backdrop, and the only text on the screen other than minimal details like the name of the content being purchased. *Id.* ¶¶ 23, 32. A customer cannot

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1    buy content without selecting the "Buy" button near the statement. Hartley Decl. ¶ 11. Amazon

2    therefore provides the statement both "in a manner that clearly calls attention to the language" and

3    "before executing" the transaction. Cal. Bus. & Prof. Code § 17500.6(a)(1).

4        Ms. Reingold has therefore not alleged a violation of the California digital-license statute

5    that could establish some kind of predicate conduct for purposes of stating a UCL, FAL, or CLRA

6    claim.

7                    **2.      Ms. Reingold fails to plead a statutory injury.**

8        Ms. Reingold's claims under the UCL, FAL, and CLRA should also be dismissed because

9    she has experienced no injury and lacks statutory standing. All three statutes "confine standing to

10   those actually injured by a defendant's business practices," which means that statutory standing is

11   "limited to any person who has suffered injury in fact and has lost money or property." *Kwikset*

12   *Corp. v. Super. Ct.*, 246 P.3d 877, 884 (Cal. 2011) (citation modified).

13       For the same reasons that Ms. Reingold fails to allege an injury under Article III, she fails

14   to allege an injury under any of these statutes. *Id.* at 885 (explaining that the statutory injury

15   requirement "incorporate[s] the established federal meaning" under Article III). She did not lose

16   any money or property because she received exactly what Amazon explained she would receive if

17   she purchased Digital Content and that she contractually agreed to—content subject to a license.

18   *Taylor v. Apple Inc.*, 2021 WL 11559513, at *4–5 (N.D. Cal. Mar. 19, 2021) (no statutory standing

19   where plaintiff "obtained exactly what he paid for"). And the purported overpayment is too

20   conclusory and speculative to constitute an injury. *Gardiner v. Walmart Inc.*, 2021 WL 2520103,

21   at *8 (N.D. Cal. Mar. 5, 2021) (general "allegations of overpayment" insufficient for statutory

22   standing).

23                   **3.      Ms. Reingold fails to plead a misrepresentation or an omission.**

24       Ms. Reingold's claims must also be dismissed because she fails to identify any specific

25   misrepresentation or omission by Amazon or that a reasonable consumer could have possibly been

26   misled under the circumstances. At the outset, Ms. Reingold does not identify any representation

or omission by Amazon. She instead focuses on the purported inadequacy of Amazon's license disclosure under the California digital-license statute, Compl. ¶¶ 23–28, and merely asserts that Amazon made "omissions, nondisclosures, and misleading statements," *id.* ¶ 54. Neither of those is sufficient because Amazon complies with the statute, and there are no alleged facts plausibly showing any purported omission or misrepresentation. Her claims should fail for that reason alone. *See Odom v. Microsoft Corp.*, 486 F.3d 541, 553 (9th Cir. 2007 (holding that for misrepresentation claims, "[t]he pleader must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation"); *Nat'l Specialty Pharmacy, LLC v. Padhye*, 734 F. Supp. 3d 922, 930 (N.D. Cal. May 16, 2024) ("These barebones allegations do not identify any specific actions taken by [the defendants] that is alleged to have violated the UCL.").

Regardless, Ms. Reingold's claims also fail because they do not satisfy the reasonable consumer standard, which applies to all three claims. *Dawson v. Better Booch, LLC*, 716 F. Supp. 3d 949, 956 (S.D. Cal. 2024) ("The CLRA, FAL, and UCL are governed by the reasonable consumer test." (citation modified)). "The reasonable consumer standard requires a probability that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016) (citation modified). "[A] plaintiff's unreasonable assumptions" about a company's statements "will not suffice," and "dismissal is appropriate where the court determines that the plaintiff's claims are not plausible." *Moore v. Trader Joe's Co.*, 4 F.4th 874, 882 (9th Cir. 2021) (first quotation); *Carvalho v. HP, Inc.*, 2022 WL 2290595, at *4 (N.D. Cal. June 24, 2022) (second quotation).

Ms. Reingold alleges that "a reasonable person viewing the website in order to make a purchase, would understand that the digital good offered and advertised by Defendant was being offered to consumers with an unrestricted ownership interest." Compl. ¶ 50; *see also id.* ¶ 63 (similar). That assertion is utterly implausible under the alleged facts.

1    Amazon expressly says on the screen where customers buy Digital Content that they

2    receive a license to the content *and* tells them where they can review the license in full. *Id.* ¶¶ 23,

3    32. Ms. Reingold admits that she "encountered a purchase flow" with this disclosure and that the

4    license "is confirmed by Amazon's Terms of Use [sic] agreement." *Id.* ¶¶ 5, 34. A reasonable

5    consumer would not receive that notification and still assume, as Ms. Reingold contends she did,

6    that they are purchasing content that is not subject to a license and has no potential viewing

7    restrictions. Ms. Reingold also cannot plausibly allege that she (or any other customer) could be

8    misled when she contractually agreed that Digital Content "***may become unavailable***" at some

9    point. Hartley Decl. ¶ 4, Ex. 2 at 4 (emphasis added); *see also id.* (agreeing that "Amazon will not

10    be liable" if Digital Content becomes unavailable). And for the same reasons, any assertion of an

11    omission about the nature of the content Ms. Reingold purchased cannot be true.

12    Courts routinely dismiss consumer-protection claims where disclosures and contractual

13    agreements affirmatively dispel the purported misrepresentation or omission. In *Estate of Storey*

14    *v. Amazon.com Services LLC*, for example, the court dismissed the claim against Amazon "because

15    the terms applicable to [the plaintiff's] order address the complaint that [he] experienced" and

16    Amazon therefore "adequately disclosed the possibility of" the conduct underlying the claim. 2025

17    WL 887373, at *4 (W.D. Wash. Mar. 21, 2025). In *Haywood v. Amazon.com, Inc.*, the court

18    concluded that the plaintiff "fails to allege an unfair or deceptive act or practice" because the terms

19    to which they agreed allowed Amazon to "take the[] actions" that the plaintiff asserted were

20    deceptive. 2023 WL 4585362, at *6 (W.D. Wash. July 18, 2023). The court explained that

21    "[r]easonable consumers, after reading the Conditions and Guidelines, would understand that

22    Amazon reserves the right to remove reviews or terminate access to services in Amazon's sole

23    discretion" *and* "exercising a right that a contract permits and is fully disclosed to the parties in

24    advance is not an unfair or deceptive act or practice." *Id.* And in *Marquez v. Amazon.com, Inc.*,

25    the applicable terms "clearly disclosed that [Amazon] may alter Prime membership benefits,

26

AMAZON'S MOTION TO DISMISS
COMPLAINT
(No. 2:25-cv-01601-RSM) – 20

including Prime shipping," so there was no consumer deception and the court dismissed the claim. 2021 WL 6060670, at *5 (S.D. Fla. Nov. 18, 2021), *aff'd*, 69 F.4th 1262 (11th Cir. 2023).

Simply put, the Court need not—and should not—ignore the information Ms. Reingold (and other customers) receive about Digital Content and the terms to which they agree when they buy that content and use Amazon's services. *See Freeman v. Time, Inc.*, 68 F.3d 285, 289–90 (9th Cir. 1995) (affirming dismissal for failure to plausibly allege statements were deceptive in light of disclaimers); *Millam v. Energizer Brands, LLC*, 2022 WL 19001330, at *3 (C.D. Cal. Dec. 9, 2022) (dismissing UCL, FAL, and CLRA claims because "reasonable consumers would not ignore" disclosure or "read language" into it), *aff'd*, 2024 WL 2988210 (9th Cir. June 14, 2024).

Ms. Reingold's invocation of the California digital-license statute does not change the result. "A statement may technically violate some law, and yet a reasonable consumer may have no dashed expectation about it." *Victor v. R.C. Bigelow, Inc.*, 2014 WL 1028881, at *17 (N.D. Cal. Mar. 14, 2014); *Trazo v. Nestle USA, Inc.*, 2013 WL 4083218, at *10 (N.D. Cal. Aug. 9, 2013) ("While regulatory violations might suggest that these statements might be misleading to a reasonable consumer, that alone is not enough to plead a claim under the FAL, CLRA, or the misleading/false advertising prongs of the UCL."). Because "all the circumstances" must be considered in evaluating the reasonable consumer standard, even if a plaintiff alleges a statutory violation, "contextual factors could still prevent a reasonable consumer from being deceived." *Clevenger v. Welch Foods Inc.*, 2022 WL 18228293, at *3 (C.D. Cal. Dec. 28, 2022). That is the case here. Even if Amazon did not disclose the license in the precise technical manner required by the California statute, a reasonable consumer would have understood they were purchasing Digital Content subject to a license, not "an unrestricted ownership interest." Compl. ¶ 47.

### 4.    Ms. Reingold fails to plead reliance.

Ms. Reingold has also not plausibly alleged reliance. *See Great Pac. Sec. v. Barclays Cap., Inc.*, 743 F. App'x 780, 783 (9th Cir. 2018) (reliance required for FAL and UCL claims); *Watkins v. MGA Ent., Inc.*, 550 F. Supp. 3d 815, 833 (N.D. Cal. 2021) (same for CLRA). To allege reliance,

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1    a plaintiff "must allege that the defendant's misrepresentation or nondisclosure was an immediate

2    cause of the plaintiff's injury-producing conduct." *Williams v. Apple Inc.*, 449 F. Supp. 3d 892,

3    912 (N.D. Cal. 2020) (citation modified). A plaintiff fails to do so when the "complaint is devoid

4    of facts regarding what statements by [the defendant] each plaintiff looked at, did not look at,

5    considered, or did not consider in deciding." *Margolis v. Apple Inc.*, 743 F. Supp. 3d 1124, 1137

6    (N.D. Cal. 2024).

7         Ms. Reingold has not alleged that she relied on any misrepresentation or omission before

8    making her purchase. She merely asserts that she "would not have purchased the digital goods on

9    the same terms if the true facts were known about the product." Compl. ¶ 70. That it is implausible

10   given the disclosure and contractual agreement here—and Ms. Reingold's admissions about them.

11   She also does not allege what statements she may or may not have considered in making her

12   purchase. And again, Ms. Reingold cannot establish reliance by pointing only to a *technical*

13   violation of the California digital-license statute because that says nothing about whether she relied

14   on any statement (or not) in making her purchase. *See Thomas v. Costco Wholesale Corp.*, 2014

15   WL 1323192, at *7 (N.D. Cal. Mar. 31, 2014) ("Plaintiffs cannot circumvent the reliance

16   requirement by simply pointing to a regulation or code provision that was violated by the alleged

17   label misrepresentation[.]").

18         **5.    Ms. Reingold fails to plead any "unfair' conduct under the UCL.**

19         The Court should also dismiss Ms. Reingold's UCL claim because she has not alleged any

20   unfair practice. The only alleged "unfair" practice is based on the same facts as she asserts for the

21   other prongs of her UCL claim ("fraudulent" and "unlawful") and as the FAL and CLRA claims.

22   *See infra* § III.D.1–3; Compl. ¶¶ 43–88. Because Ms. Reingold fails to state any of those claims,

23   her claim under the UCL's "unfair" prong also fails. *See, e.g.*, *Hadley v. Kellogg Sales Co.*, 243 F.

24   Supp. 3d 1074, 1105 (N.D. Cal. 2017) (dismissing UCL claim "based on the same contentions" as

25   other failed claims). Moreover, where there are similar disclosures and contractual terms to which

26   plaintiffs agree for a transaction, courts also dismiss claims asserting "unfair" practices (in addition

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

to purportedly "fraudulent" and "unlawful" practices). Plaintiffs can readily avoid the purported injury simply by reading the applicable disclosures and terms and then, if they want, deciding not to complete the transaction or use the service. *See Beagle v. Amazon.com, Inc.*, 2024 WL 4028290, at *4 (W.D. Wash. Sept. 3, 2024) ("[A]ll Plaintiffs had to do to avoid the alleged injury was read the terms and conditions and choose not to use Amazon's services."); *Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal. App. 4th 1544, 1555 (2007) ("an act or practice is unfair" under the UCL "if the consumer injury is substantial, is not outweighed by any countervailing benefits to consumers or to competition, and is not an injury the consumers themselves could reasonably have avoided").

### 6.    Ms. Reingold fails to plead that any "goods" or "services" are at issue under the CLRA.

The Court should also dismiss Ms. Reingold's CLRA claim because Digital Content is not a "good" or "service" under the statute. *See* Cal. Civ. Code § 1770(a). The statute defines "Goods" as "tangible chattels," and "Services" as "work, labor, and services for other than a commercial or business use, including services furnished in connection with the sale or repair of goods." Cal. Civ. Code § 1761(b). The Digital Content Ms. Reingold purchased does not meet either definition.

Digital Content is not a "tangible chattel[.]" *See id.* It is, by nature, intangible. *See* Compl. ¶ 10 (contrasting digital content with "a physical VHS tape"). Multiple courts have confirmed this basic principle. *See, e.g.*, *Woulfe v. Universal City Studios LLC*, 2022 WL 18216089, at *15 (C.D. Cal. Dec. 20, 2022) (holding that digital movie is not a "good" under the CLRA and explaining that "[c]ourts have held that software and licenses to access software are intangible goods outside of the reach of the CLRA"); *Lazebnik v. Apple Inc.*, 2014 WL 4275008, at *5 (N.D. Cal. Aug. 29, 2014) (same as to digital TV show because "it is either software or a license, not a 'tangible chattel'").

Digital Content itself is also not a "service" under the CLRA. Ms. Reingold's claims are exclusively about the sale of Digital Content—not any "ancillary services" that might facilitate the sale. *See Pearl v. Coinbase Glob., Inc.*, 2024 WL 3416505, at *5 (N.D. Cal. July 15, 2024) (holding

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1  that that "'the existence of ancillary services'" are "insufficient to bring intangible goods within

2  the coverage of the [CLRA]" (citation modified)). The Court should decline to expand the CLRA

3  to cover an intangible good by deeming it a service. To do otherwise "would defeat the apparent

4  legislative intent in limiting the definition of 'goods' to include only 'tangible chattels.'"

5  *Fairbanks v. Super. Ct.*, 46 Cal. 4th 56, 65 (2009).

6          **E.      Dismissal should be without leave to amend.**

7          Dismissal should be without leave to amend because Ms. Reingold cannot cure the defects

8  in her Complaint. *See Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009). Amazon's clear

9  license disclosure and contractual terms foreclose Ms. Reingold's theory of liability, and nothing

10 she might attempt to allege could change that. Nor would it change the fact that any purported

11 injury is purely speculative as such an injury would still arise ***only*** if Ms. Reingold were to lose

12 access to her purchased content. *See Moore*, 4 F.4th at 882 (affirming dismissal "as a matter of

13 law" where "other available information . . . would quickly dissuade a reasonable consumer from

14 [the plaintiff's erroneous] belief"). So, "amendment would be futile" and "[d]ismissal without

15 leave to amend is therefore proper." *Dixon v. Berns*, 2021 WL 4948186, at *2 (W.D. Wash. Oct.

16 22, 2021).

17                              **IV.      CONCLUSION**

18         Amazon respectfully requests that the Court dismiss the Complaint with prejudice and

19 without leave to amend.

20

21

22

23

24

25

26

AMAZON'S MOTION TO DISMISS
COMPLAINT
(No. 2:25-cv-01601-RSM) – 24

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

1    The undersigned certifies that this motion contains 8,372 words, in compliance with the

2    Local Civil Rules.

3

4    Dated: November 21, 2025                    By: _s/ Mallory A. Gitt_

5                                                    Charles C. Sipos, Bar No. 32825
                                                    Mallory A. Gitt, Bar No. 50025
6                                                   **Perkins Coie LLP**
                                                    1301 Second Avenue, Suite 4200
7                                                   Seattle, Washington 98101-3804
                                                    Telephone: +1.206.359.8000
8                                                   Facsimile: +1.206.359.9000
                                                    CSipos@perkinscoie.com
9                                                   MGitt@perkinscoie.com

10                                                  _Attorneys for Amazon.com Services LLC_

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

AMAZON'S MOTION TO DISMISS
COMPLAINT
(No. 2:25-cv-01601-RSM) – 25

184383792