THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LISA REINGOLD, individually and on behalf of all others similarly situated,

Plaintiff,

v.

AMAZON.COM SERVICES LLC,

Defendant.

No. 2:25-cv-01601-RSM

REPLY IN SUPPORT OF AMAZON.COM SERVICES LLC'S MOTION TO DISMISS COMPLAINT

NOTE ON MOTION CALENDAR: JANUARY 30, 2026

ORAL ARGUMENT REQUESTED

REPLY IN SUPPORT OF AMAZON'S MOTION
TO DISMISS COMPLAINT
(No. 2:25-cv-01601-RSM)

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, WA 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

**TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ................................................................................................. 1

II.  ARGUMENT ...................................................................................................... 2

    A.   Ms. Reingold Cannot Satisfy Her Burden to Establish Article III Standing by Relying on an Unsupported "Overpayment" Theory ...................................... 2

    B.   Washington Law Governs Ms. Reingold's Claims ............................................ 5

    C.   Amazon Fully Complies with Section 17500.6. ............................................... 6

    D.   Ms. Reingold's UCL, FAL, and CLRA Claims Fail for Additional Reasons .... 9

III.  CONCLUSION .................................................................................................. 12

REPLY IN SUPPORT OF AMAZON'S MOTION
TO DISMISS COMPLAINT – i
(No. 2:25-cv-01601-RSM)

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, WA 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Blackburn v. Etsy, Inc.*,
No. CV 23-5711 PA, 2023 WL 9105662 (C.D. Cal. Oct. 12, 2023)........................................4

*Bobo v. Optimum Nutrition, Inc.*,
No. 14-CV-2408, 2015 WL 13102417 (S.D. Cal. Sept. 11, 2015)........................................10

*Cahen v. Toyota Motor Corp.*,
147 F. Supp. 3d 955 (N.D. Cal. 2015) .........................................................................4

*Cappello v. Walmart*,
No. 18-cv-06678-RS, 2019 WL 11687705 (N.D. Cal. Apr. 5, 2019)......................................8

*Cheslow v. Ghirardelli Chocolate Co.*,
445 F. Supp. 3d 8 (N.D. Cal. 2020) .........................................................................9

*Daro v. Superior Ct.*,
151 Cal. App. 4th 1079 (2007) ..............................................................................11

*Doyle v. Bayer Corp.*,
No. C24-1973-MLP, 2025 WL 1666261 (W.D. Wash. June 12, 2025) ...................................2

*Edwards v. MUBI, Inc.*,
773 F. Supp. 3d 868 (N.D. Cal. 2025) .......................................................................7

*Erwin v. Cotter Health Ctrs.*,
161 Wash.2d 676 (2007).........................................................................................5

*Farmer v. Barkbox, Inc.*,
No. 5:22-cv-01574-SSS-SHKx, 2023 WL 8522984 (C.D. Cal. Oct. 6, 2023).....................7, 8

*Freeman v. Time, Inc.*,
68 F.3d 285 (9th Cir. 1995) ..................................................................................10

*Gardiner v. Walmart Inc.*,
No. 20-cv-4618-JSW, 2021 WL 2520103 (N.D. Cal. Mar. 5, 2021) ....................................2

*Hoai Dang v. Samsung Elecs. Co.*,
No. 14-CV-00530-LHK, 2018 WL 6308738 (N.D. Cal. Dec. 3, 2018) .................................11

*In re Amazon Prime Video Litigation*,
No. 2:22-cv-00401-RSM, 2024 WL 1138906 (W.D. Wash. Mar. 15, 2024) ......................3, 5

REPLY IN SUPPORT OF AMAZON'S MOTION
TO DISMISS COMPLAINT – ii
(No. 2:25-cv-01601-RSM)

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, WA 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

# TABLE OF AUTHORITIES (continued)

**Page(s)**

*In re Amazon Serv. Fee Litig.*,
    705 F. Supp. 3d 1255 (W.D. Wash. 2023)..........................................................................5, 6

*In re Qualcomm Antitrust Litig.*,
    No. 17-MD-02773-JSC, 2023 WL 121983 (N.D. Cal. Jan. 6, 2023.....................................9

*In Re Tobacco II Cases*,
    46 Cal. 4th 298 (2009) ....................................................................................................10

*Kuhlman v. Bank of Am., N.A.*,
    No. C12-494MJP, 2012 WL 12941700 (W.D. Wash. June 12, 2012) ...............................8

*Lazebnik v. Apple Inc.*,
    No. 5:13–CV–04145–EJD, 2014 WL 4275008 (N.D. Cal. Aug. 29, 2014) .........................12

*Linde, LLC v. Valley Protein, LLC*,
    No. 1:16-cv-00527-DAD-EPG, 2019 WL 3035551 (E.D. Cal. July 11, 2019)......................11

*Margolis v. Apple Inc.*,
    743 F. Supp. 3d 1124 (N.D. Cal. 2024) ...........................................................................11

*Mayron v. Google LLC*,
    54 Cal. App. 5th 566 (2020) ...........................................................................................11

*Morehouse v. Apple, Inc.*,
    No. 25-cv-02988-NW, 2025 WL 3525573 (N.D. Cal. Dec. 4, 2025)........................2, 3, 4, 11

*Naimi v. Starbucks Corp.*,
    798 F. App'x 67 (9th Cir. 2019) ........................................................................................4

*Pfizer Inc. v. Superior Ct.*,
    182 Cal. App. 4th 622 (2010) .........................................................................................10

*Sellers v. JustAnswer LLC*,
    73 Cal. App. 5th 444 (2021) ........................................................................................7, 8

*Spokeo, Inc. v. Robins*,
    578 U.S. 330 (2016).........................................................................................................2

*Steele v. Wegmans Food Mkts., Inc.*,
    472 F. Supp. 3d 47 (S.D.N.Y 2020).................................................................................10

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, WA 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

**TABLE OF AUTHORITIES (continued)**

**Page(s)**

*Thomas v. Costco Wholesale Corp.*,
No. 5:12-CV-02908-EJD, 2014 WL 1323192 (N.D. Cal. Mar. 31, 2014) .............................11

*TransUnion LLC v. Ramirez*,
594 U.S. 413 (2021).........................................................................................................2

*Trazo v. Nestle USA, Inc.*,
No. 5:12-CV-2272 PSG, 2013 WL 4083218 (N.D. Cal. Aug. 9, 2013)................................10

*Weber v. Amazon.com, Inc.*,
No. CV 17-8868-GW(Ex), 2018 WL 6016975 (C.D. Cal. June 4, 2018) ...............................5

*Wiseley v. Amazon.com, Inc.*,
709 F. App'x 862 (9th Cir. 2017) .......................................................................................5

**STATUTES**

Cal. Bus. & Prof. Code § 17500.6 ..................................................................... passim

Cal. Civ. Code § 1770...................................................................................................12

REPLY IN SUPPORT OF AMAZON'S MOTION
TO DISMISS COMPLAINT
(No. 2:25-cv-01601-RSM) – iv

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, WA 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

## I.   INTRODUCTION

Ms. Reingold's Opposition underscores the fundamental problem with this lawsuit: Her claims are based on a contrived interpretation of the California Digital Property Rights Transparency Law ("Section 17500.6") that is unsupported by the statute's text and purpose. The sole harm she claims she suffered—"overpayment" for Digital Content purchased from Amazon—is both entirely invented and insufficient to confer standing under Article III. In fact, Ms. Reingold's Opposition confirms that she obtained precisely what she paid for, and what Amazon's disclosures informed her she was buying: a license to Digital Content.

Even if Ms. Reingold could overcome the insurmountable standing and choice-of-law obstacles here, she does not state a plausible claim for relief under any theory. Ms. Reingold still has access to her Digital Content and disclaims any harm resulting from the risk that she might one day lose access. While Ms. Reingold claims she paid more than she would have had she known she was buying only a license, she cannot offer a single fact to support this theory, which it is self-evidently negated by the purchase flow disclosing that "BY BUYING OR RENTING, YOU RECEIVE A LICENSE TO THE VIDEO AND YOU AGREE TO OUR TERMS."

Ms. Reingold argues that this disclosure does not comply with Section 17500.6 because it is not sufficiently "clear and conspicuous" or "distinct and separate" from other terms presented at the time of purchase. But these arguments rest on an internally contradictory, unsupported technical reading of Section 17500.6, and they ignore the statute's fundamental purpose—to ensure that consumers purchasing licenses to digital content are given *more* information about their purchases, not less. And without a predicate violation of Section 17500.6, Ms. Reingold's remaining statutory claims also fail.

For these reasons and those in Amazon's Motion, Ms. Reingold's Complaint should be dismissed in its entirety and with prejudice.

REPLY IN SUPPORT OF AMAZON'S MOTION
TO DISMISS COMPLAINT
(No. 2:25-cv-01601-RSM) –1

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, WA 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

## II.    ARGUMENT

### A.    Ms. Reingold Cannot Satisfy Her Burden to Establish Article III Standing by Relying on an Unsupported "Overpayment" Theory

"Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016). Thus, a state legislature may not "simply enact an injury into existence, using its lawmaking power to transform something that is not remotely harmful into something that is." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 426 (2021). Rather, "[o]nly those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue . . . over that violation in federal court." *Id.* at 427.

Ms. Reingold's Opposition confirms she has not been concretely harmed.[1] Ms. Reingold concedes that she retains access to her Digital Content, and she does not articulate any likelihood she will lose access. Opp. at 5. In fact, she expressly disavows harm based on the risk that her Digital Content might one day be revoked. *Id.* Instead, she claims her harm accrued "at the point of purchase when she overpaid for a product by receiving less property rights than she bargained for." *Id.* at 5–6.[2] Ms. Reingold's claim to standing is based solely on this supposed "overpayment."

The Opposition, however, omits that this precise theory was recently rejected in *Morehouse v. Apple, Inc.*, No. 25-cv-02988-NW, 2025 WL 3525573 (N.D. Cal. Dec. 4, 2025). There, plaintiffs alleged similar violations of Section 17500.6, as well as the UCL, FAL, and CLRA, based on their purchase of e-books and audiobooks. *Id.* at *1. Plaintiffs conceded that the purchased content remained available to them and did not "articulate[] any likelihood that they will lose access . . .

---

[1] Ms. Reingold also lacks statutory standing to pursue her claims. Mot. at 8. Ms. Reingold's Opposition similarly tries to overcome this defect by relying on her conclusory allegations of "overpayment." Opp. at 2. They do not. Because she received what she paid for, she has not suffered economic injury required to state a claim under the UCL, FAL, or CLRA. *See, e.g.*, *Gardiner v. Walmart Inc.*, No. 20-cv-4618-JSW, 2021 WL 2520103, at *8 (N.D. Cal. Mar. 5, 2021) (general "allegations of overpayment" insufficient to plead statutory standing).

[2] Ms. Reingold concedes she lacks standing for injunctive relief. Mot. at 13; *Doyle v. Bayer Corp.*, No. C24-1973-MLP, 2025 WL 1666261, at *2 (W.D. Wash. June 12, 2025) (failure to respond to individual claims in motion to dismiss "may be considered by the court as an admission that motion has merit'").

REPLY IN SUPPORT OF AMAZON'S MOTION
TO DISMISS COMPLAINT
(No. 2:25-cv-01601-RSM) –2

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, WA 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

imminently nor eventually." *Id.* at *2. Instead, they claimed injury on the grounds that "they paid a premium price for their purchases" and "would not have purchased items . . . at the price they paid for them had they known that what they were purchasing was actually a revocable license[.]" *Id.* The court dismissed the claims for lack of Article III standing, finding such "conclusory statements" were "unsupported by allegations of fact." *Id.*

Here, as in *Morehouse*, Ms. Reingold's theory of harm suffers from multiple defects, any one of which supports dismissal. Ms. Reingold's Complaint plainly shows she did not overpay for Digital Content. Rather, she received exactly what she paid for—a license for *Bella and the Bulldogs – Volume 4*. Nowhere does Ms. Reingold claim Amazon failed to disclose that she was receiving a license as opposed to unrestricted ownership. Rather, she concedes she "encountered a purchase flow" disclosing that she would "*receive a license to the digital content.*" Compl. ¶¶ 5, 34 (emphasis added). She further concedes that the terms she agreed to disclosed "[t]he digital product's ephemeral nature," including that she would receive a "*non-exclusive, non-transferable, non-sublicensable, limited license.*" *Id.* ¶ 34 (emphasis added). These repeated, affirmative disclosures readily distinguish this case from *In re Amazon Prime Video Litigation*, No. 2:22-cv-00401-RSM, 2024 WL 1138906 (W.D. Wash. Mar. 15, 2024), which did not involve such disclaimers.

Ms. Reingold's overpayment theory also fails because at its core, it is premised on the same speculative harm deemed insufficient in *Morehouse*. Ms. Reingold has alleged no functional difference between owning a license versus unrestricted ownership, aside from the speculative risk she could lose access to Digital Content. *See, e.g.*, Compl. ¶¶ 2, 11–12, 15, 35. While the Complaint makes passing reference to various distinctions between *physical* audiovisual materials and their *digital* equivalents, Ms. Reingold never claims she sought to "transfer, copy or display" Digital Content, or that owning as opposed to licensing that content would allow her to do so. *Id.* ¶¶ 10,

REPLY IN SUPPORT OF AMAZON'S MOTION
TO DISMISS COMPLAINT
(No. 2:25-cv-01601-RSM) –3

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, WA 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

34. Nor does she offer any explanation for her supposed willingness to pay more for ownership and less for a license.[3]

Finally, as in *Morehouse*, Ms. Reingold's Complaint lacks the specific factual allegations needed to maintain a claim based on overpayment. *Morehouse*, 2025 WL 3525573, at *2 ("Plaintiffs have not alleged any facts supporting their theory that they paid a price premium for their e-books and audiobooks. . . . Plaintiffs must allege sufficient facts in their complaint to show that the products they purchased were offered for higher prices than other comparable products . . . ."). Ms. Reingold claims she "would have paid substantially less" had she known she was receiving only a license. Compl. ¶¶ 56, 58. But she does not allege how much she would have paid for ownership versus a license, nor does she identify the existence of a market alternative. Where, as here, a plaintiff offers only "conclusory allegations of economic loss stemming from a speculative future risk of harm" without "something more," courts routinely dismiss claims premised on overpayment. *Cahen v. Toyota Motor Corp.*, 147 F. Supp. 3d 955, 970–71 (N.D. Cal. 2015), *aff'd*, 717 F. App'x 720 (9th Cir. 2017); *see also, e.g.*, *Naimi v. Starbucks Corp.*, 798 F. App'x 67, 70 (9th Cir. 2019) ("The bare recitation of the word 'premium' does not adequately allege a cognizable injury."); *Blackburn v. Etsy, Inc.*, No. CV 23-5711 PA (MARx), 2023 WL 9105662, at *4 (C.D. Cal. Oct. 12, 2023) (collecting cases and explaining "a conclusory allegation of a price premium, without supporting well-pleaded facts, fails to satisfactorily allege standing under the applicable federal pleading standard").

---

[3] Ms. Reingold concedes that in enacting Section 17500.6, the legislature was principally "concerned about 'consumers losing access to content.'" Compl. ¶ 12. Indeed, the legislature observed that in contrast to physical media, digital content "can [be] revoke[d] at any point." Senate Floor Analysis of A.B. 2426, *supra*, at 6; *see also* Assemb. Comm. on Privacy & Consumer Prot., A.B. 2426, 2023–2024 Reg. Sess., at 1 (Cal. Apr. 2, 2024) ("In recent years, acquisitions, mergers and lapsed contracts at various media companies have put at risk the digital media that consumers may have believed they owned."). Nothing in the statute's text or legislative history suggests it was intended to remedy a purported "price premium" on the purchase of a license.

REPLY IN SUPPORT OF AMAZON'S MOTION
TO DISMISS COMPLAINT
(No. 2:25-cv-01601-RSM) –4

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, WA 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

**B.      Washington Law Governs Ms. Reingold's Claims.**

When Ms. Reingold created her account, she agreed to a broad Washington choice of law provision. Mot. at 14–15. Ms. Reingold's Opposition does not dispute this but instead argues that agreement should not govern because "its application 'would be contrary to a fundamental policy' of a state with a 'materially greater interest' in the dispute." Opp. at 6.

Ms. Reingold cannot overcome the threshold step in the choice-of-law analysis, which requires her to show an actual conflict between the laws of Washington and California. *Erwin v. Cotter Health Ctrs.*, 161 Wash.2d 676, 692 (2007). "Without a showing of an actual conflict, the Court need not conduct a conflict-of-laws analysis, and the choice-of-law provision controls." *In re Amazon Serv. Fee Litig.*, 705 F. Supp. 3d 1255, 1266 (W.D. Wash. 2023), *aff'd*, No. 24-5176, 2025 WL 2268252 (9th Cir. Aug. 8, 2025). So, Ms. Reingold attempts to manufacture a conflict by referencing Section 17500.6, which she claims has no equivalent in Washington. Opp. at 8–9. But her suggestion that she would be left without a remedy but for Section 17500.6 is flatly undermined by her counsel's reliance on *In re Amazon Prime Video Litigation*. Opp. at 1, 5, 20. There, the plaintiffs brought claims under Washington's Consumer Protection Act ("CPA"), among other state consumer protection laws, based on—according to Ms. Reingold—"*identical allegations*" to those here. *Id.* at 5 (emphasis added); 2024 WL 1138906, at *1 ("Plaintiffs allege that Amazon overcharged and deceived consumers by misrepresenting that it was selling them Digital Content when, in fact, it was really only licensing it to them.'" (citation modified)). Ms. Reingold cannot have it both ways. She cannot rely on *In re Amazon Prime Video Litigation* when it suits her and disavow it when it does not.

As to her remaining claims under California's UCL, FAL, and CLRA, the Ninth Circuit, has found that "Washington's and California's consumer protection laws . . . appear to be substantially similar." *Wiseley v. Amazon.com, Inc.*, 709 F. App'x 862, 863 (9th Cir. 2017) (enforcing choice of law provisions in Amazon's COU); *see also, e.g.*, *Weber v. Amazon.com, Inc.*, No. CV 17-8868-GW(Ex), 2018 WL 6016975, at *6 (C.D. Cal. June 4, 2018) ("Washington law,

REPLY IN SUPPORT OF AMAZON'S MOTION
TO DISMISS COMPLAINT
(No. 2:25-cv-01601-RSM) –5

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, WA 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

at least in the context of consumer protection, does not conflict with California law."). In fact, these statutes target the same unfair or deceptive conduct as the CPA. *In re Amazon Serv. Fee Litig.*, 705 F. Supp. 3d at 1265–66.

Ms. Reingold would not be without recourse were this case to proceed under Washington law. Opp. at 10. Because she cannot show any actual conflict, the choice of law provision to which she agreed controls.

**C.      Amazon Fully Complies with Section 17500.6.**

When customers purchase Digital Content, Amazon discloses that they receive a license. This disclosure is both "clear and conspicuous" and "separate and distinct" from other terms, and thus readily satisfies Section 17500.6.

***Clear and Conspicuous:*** Ms. Reingold first claims that Amazon's disclosure is not sufficiently "clear and conspicuous." Opp. at 13–19. This argument ignores the design of the checkout screen, which calls attention to the disclaimer by presenting it in bolded or capitalized font and a contrasting color, directly below the "Buy" and "Cancel" buttons. Compl. ¶¶ 29–33; *id.* ¶¶ 21–24. For consumers who make purchases online, the disclosure is presented in a pop-up screen with minimal additional text:



*Id.* at Fig. 6. Users who make purchases on their television see a similar screen. *Id.* at Fig. 3. Though Ms. Reingold objects that the disclosure appears at the "last stage of the transaction," Section 17500.6 expressly requires this. Cal. Bus. & Prof. Code § 17500.6(b)(1)(B) (consumers must be presented with disclosure "before executing each transaction"). By presenting it on the

REPLY IN SUPPORT OF AMAZON'S MOTION
TO DISMISS COMPLAINT
(No. 2:25-cv-01601-RSM) –6

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, WA 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

final screen, Amazon ensures that consumers view the disclosure at the precise moment they are deciding whether to complete their transactions. Far from being "buried" or "concealed," these formatting and layout elements narrow the user's focus to the disclaimer.

Ms. Reingold's cases on "clear and conspicuous" notice do not help her position. Opp. at 15–17. Ms. Reingold first relies on *Sellers v. JustAnswer LLC*, 73 Cal. App. 5th 444 (2021), which she characterizes as "directly on point." Opp. at 16. There, she claims, "the court held that disclosure text was not 'clear and conspicuous' even though it appeared on the same screen as the purchase button, because 'the text appears below the white payment box, outside the user's primary area of focus.'" *Id.* This is an egregious misrepresentation of *Sellers*, which did not reach the merits of the renewal disclosure at all, let alone find it was not "clear and conspicuous." 73 Cal. App. 5th at 478 n.9 ("We express no opinion as to whether the notice [of automatic renewal] met the [statutory] requirements . . . ."). Instead, *Sellers* considered whether "sign-in wrap" was valid for purposes of compelling arbitration. *Id.* at 453. The court evaluated a notice linking to terms containing an arbitration clause, which it described as "tiny, smaller than any other printing on the screen," "faint, set against a background lacking significant contrast," and "not immediately adjacent to the 'Start my trial' button, but instead . . . at a location that is not suggestive of any connection between them." *Id.* at 459–60. This notice was both "significantly less conspicuous than the statutory notice requirements" governing the underlying claims and "not sufficiently conspicuous even when considering . . . more subjective criteria[.]" *Id.* at 478–79.[4] Ms. Reingold's reliance on *Farmer v. Barkbox, Inc.*, No. 5:22-cv-01574-SSS-SHKx, 2023 WL 8522984 (C.D. Cal. Oct. 6, 2023), fares no better. There, the notice was "printed in text that is smaller and lighter in color than all other information on the page" and did "not in any other way call attention to

---

[4] Ms. Reingold's reliance on *Edwards v. MUBI, Inc.*, 773 F. Supp. 3d 868 (N.D. Cal. 2025), is similarly unpersuasive. There, the disclosure appeared in "tiny white font" against a dynamic video background. *Id.* at 882–83. Here, by contrast, the text appears in a contrasting color, offset in a pop-up screen with a static background. Compl. at Fig. 6.

REPLY IN SUPPORT OF AMAZON'S MOTION
TO DISMISS COMPLAINT
(No. 2:25-cv-01601-RSM) –7

itself." *Id.* at *4. Amazon's disclosures bear no similarities to those in *Sellers* or *Farmer*. Rather, they clearly and conspicuously inform users they are purchasing a license.

**Distinct and Separate:** Ms. Reingold also claims, for the first time in her Opposition, that Amazon's disclaimers do not comply with Section 17500.6(b)(2) because they are not "distinct and separate from any other terms and conditions of the transaction." Opp. at 12–13. Instead, she argues, they are "bundled" with text explaining that purchases "won't be refundable if the video is watched or downloaded." *Id.* This theory is an afterthought and can be disregarded for this reason alone. *See, e.g.*, *Kuhlman v. Bank of Am., N.A.*, No. C12-494MJP, 2012 WL 12941700, at *2 (W.D. Wash. June 12, 2012) ("[T]he Federal Rules do not permit a plaintiff to amend a complaint through an opposition brief."). In any event, Amazon's disclosures plainly comply with this requirement.

Section 17500.6(b)(2) prohibits only the inclusion of "*other*" terms and conditions, i.e., terms unrelated to the purchase of a license. Here, the additional text explaining that users cannot seek a refund after consuming licensed content plainly does not negate compliance; rather, it is *itself* a part of the license. Ms. Reingold's nonsensical reading of the statute would punish sellers for disclosing *more* information about the license, contrary to the legislature's intent of "ensuring that consumers have a full understanding of exactly what they have bought." Senate Rules Comm., Off. of S. Floor Analyses, A.B. 2426, 2023–2024 Reg. Sess., at 6 (Cal. Aug. 23, 2024). Further, this interpretation is directly contradicted by the statute's text, which specifically requires license disclosures to "[i]nclude [] a . . . method to access the terms and conditions that provide full details on the license." Cal. Bus. & Prof. Code § 17500.6(b)(1)(B)(ii).[5]

Further, Ms. Reingold's insistence that license disclosures appear alone and in a separate interface from any other text is flatly contradicted by Section 17500.6(b)(1), which specifies that

---

[5] Ms. Reingold's reliance on *Cappello v. Walmart*, No. 18-cv-06678-RS, 2019 WL 11687705 (N.D. Cal. Apr. 5, 2019), is unavailing, as that case involved a differently worded federal statute, which the court interpreted as requiring notice to appear "separately from the consumer's agreement to the retailer's terms of use[.]" *Id.* at *2. Unlike Section 17500.6, that statute did not expressly require such notice to include complete terms.

REPLY IN SUPPORT OF AMAZON'S MOTION
TO DISMISS COMPLAINT
(No. 2:25-cv-01601-RSM) –8

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, WA 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

where compliance is based on affirmative consent, sellers *must* disclose "*[a] complete list of restrictions and conditions of the license.*" Cal. Bus. & Prof. Code § 17500.6(b)(1)(A)(ii) (emphasis added). Interpreting Section 17500.6 so that the inclusion of information required by one subsection would violate another would produce untenable and illogical results, and would undermine the legislature's intent—that is, ensuring that consumers of digital content are more, not less, informed.

**D.     Ms. Reingold's UCL, FAL, and CLRA Claims Fail for Additional Reasons**

Ms. Reingold's consumer protection claims all fail because they are premised on the incorrect assertion that Amazon violated technical requirements of Section 17500.6(b)(2). They also fail for additional, independent reasons:

*No Misrepresentation***:** Ms. Reingold's claims fail because she has not plausibly pled that a reasonable consumer would be misled by Amazon's license disclosure. In an attempt to salvage her claims, Ms. Reingold points to the "Buy" button which she claims "mislead[s] consumers into thinking they are getting a 'unrestricted ownership interest.'" Opp. at 2. But the term "buy" accurately describes the transaction that occurred. The ordinary meaning of "buy" is simply to pay money for something, not to confer legal title or unrestricted ownership. Courts and consumers alike understand this distinction. Indeed, courts routinely use the term in the context of licensing. *See, e.g.*, *In re Qualcomm Antitrust Litig.*, No. 17-MD-02773-JSC, 2023 WL 121983, at *7 (N.D. Cal. Jan. 6, 2023) ("buy a license"), *aff'd*, 129 F.4th 1129 (9th Cir. 2025). The "Buy" button allows users to do exactly what it says, and there is nothing misleading about it; customers pay for a license for Digital Content, consistent with the disclosures provided. Ms. Reignold has not plausibly explained how a "significant portion of the general consuming public . . . acting reasonably in the circumstances, could be misled" by this common-sense usage. *Cheslow v. Ghirardelli Chocolate Co.*, 445 F. Supp. 3d 8, 15–16 (N.D. Cal. 2020).

In any event, Amazon's disclosures expressly inform consumers that they are receiving a license and direct them to where the license terms can be reviewed in full. Mot. at 20. These

REPLY IN SUPPORT OF AMAZON'S MOTION
TO DISMISS COMPLAINT
(No. 2:25-cv-01601-RSM) –9

disclosures also refute Ms. Reingold's claim that a reasonable consumer would be misled. *See, e.g.*, *Freeman v. Time, Inc.*, 68 F.3d 285, 289–90 (9th Cir. 1995) (no misrepresentation where "qualifying language" "put [plaintiffs] on notice" of the terms of the transaction). Indeed, "[a] plaintiff cannot pursue a claim based on a statement that can only be misleading when the information surrounding it is ignored." *Bobo v. Optimum Nutrition, Inc.*, No. 14-CV-2408, 2015 WL 13102417, at *4 (S.D. Cal. Sept. 11, 2015).

Ms. Reingold's Opposition relies solely on "the California legislature's judgment" to argue that a reasonable consumer would be deceived. Opp. at 2. But legislative pronouncements regarding the potential for confusion do not relieve her of her obligation to plausibly allege that a reasonable consumer would *in fact* be misled. *See, e.g.*, *Trazo v. Nestle USA, Inc.*, No. 5:12-CV-2272 PSG, 2013 WL 4083218, at *10 (N.D. Cal. Aug. 9, 2013) (a statutory violation "alone is not enough to plead a claim under the FAL, CLRA, or the misleading/false advertising prongs of the UCL"), *on reconsideration*, 113 F. Supp. 3d 1047 (N.D. Cal. 2015); *accord Steele v. Wegmans Food Mkts., Inc.*, 472 F. Supp. 3d 47, 50 (S.D.N.Y 2020) ("The point here is not conformity with this or that standard . . . but whether the marketing presentation was deceptive."). Because no reasonable consumer could have been deceived, Ms. Reingold's claims should be dismissed.

***No Reliance:*** Ms. Reingold has also failed to plausibly plead reliance. Ms. Reingold claims she can, instead, rely on "an inference of reliance," citing the California Supreme Court's decision in *In Re Tobacco II Cases*, 46 Cal. 4th 298 (2009). Opp. at 20. But *Tobacco II* does not absolve plaintiffs from alleging that an alleged "misrepresentation was an immediate cause of the injury-producing conduct[.]" *Id.* at 326. Indeed, while plaintiffs need not "plead and prove individualized reliance on specific misrepresentations or false statements where . . . those misrepresentations and false statements were part of an extensive and long-term advertising campaign," they must still allege that the "representation has played a substantial part, and so had been a substantial factor, in influencing his decision." *Id.* at 326, 328; *see also Pfizer Inc. v. Superior Ct.*, 182 Cal. App. 4th 622, 632 (2010) ("*Tobacco II* does not stand for the proposition that a consumer who was never

REPLY IN SUPPORT OF AMAZON'S MOTION
TO DISMISS COMPLAINT
(No. 2:25-cv-01601-RSM) –10

exposed to an alleged false or misleading advertising or promotional campaign is entitled to [relief].”).

Even if Amazon had violated Section 17500.6—and it did not—Ms. Reingold still has not plausibly alleged reliance. “Plaintiffs cannot circumvent the reliance requirement by simply pointing to a regulation or code provision that was violated by the alleged . . . misrepresentation[.]” *See Thomas v. Costco Wholesale Corp.*, No. 5:12-CV-02908-EJD, 2014 WL 1323192, at *7 (N.D. Cal. Mar. 31, 2014). Instead, Ms. Reingold must allege a causal link between her purchase of Digital Content and Amazon’s alleged violations of Section 17500.6. *See Mayron v. Google LLC*, 54 Cal. App. 5th 566, 574–75 (2020); *Daro v. Superior Ct.*, 151 Cal. App. 4th 1079, 1099 (2007) (“[T]here must be a causal connection between the harm suffered and the unlawful business activity.”). This analysis turns on “the specific experience of the named plaintiffs,” and courts routinely dismiss claims for failure to allege reliance where the “complaint is devoid of facts regarding what statements by [defendant] each plaintiff looked at, did not look at, considered, or did not consider in deciding[.]” *Margolis v. Apple Inc.*, 743 F. Supp. 3d 1124, 1137 (N.D. Cal. 2024); *see also Morehouse*, 2025 WL 3525573, at *2 (“If Plaintiffs elect to proceed with their price premium theory of injury, Plaintiffs must . . . identify which specific alleged affirmative misrepresentations or material omissions they relied on.”). Ms. Reingold’s Complaint contains no such facts should be dismissed for this reason, as well.

***No UCL Unfair Conduct:*** Ms. Reingold is incorrect that the Court “need not reach Amazon’s argument that its conduct is not ‘unfair.’” Opp. at 19. To the contrary, “courts give independent effect to each of the three prongs of § 17200.” *See Linde, LLC v. Valley Protein, LLC*, No. 1:16-cv-00527-DAD-EPG, 2019 WL 3035551, at *18 (E.D. Cal. July 11, 2019). A practice can theoretically be “unfair” even if not “unlawful.” *Id.* However, where, as here, the “business practices alleged under the unfair prong . . . overlap entirely with the business practices addressed in the fraudulent and unlawful prongs . . . , the unfair prong . . . cannot survive if the claims under the other two prongs of the UCL do not survive.” *Hoai Dang v. Samsung Elecs. Co.*, No. 14-CV-

REPLY IN SUPPORT OF AMAZON’S MOTION
TO DISMISS COMPLAINT
(No. 2:25-cv-01601-RSM) –11

00530-LHK, 2018 WL 6308738, at *10 (N.D. Cal. Dec. 3, 2018), *aff'd*, 803 F. App'x 137 (9th Cir. 2020). In any event, Amazon's conduct falls well short of the threshold for "unfairness" under the UCL. *See* Mot. at 22–23.

**CLRA Does Not Cover Intangible Goods:** Digital Content is not a "good" or "service" within the meaning of the CLRA. *See* Cal. Civ. Code § 1770(a). Ms. Reingold's Opposition paradoxically contends that Digital Content is both, but neither theory is tenable. Opp. at 22–23. Even if Amazon Prime Video, as a streaming platform, provides services, a consumer's purchase of Digital Content is not the purchase of a *service*, it is the purchase of a *license*. A license has no physical form and, as such, is plainly not a "tangible chattel." *See Lazebnik v. Apple Inc.*, No. 5:13–CV–04145–EJD, 2014 WL 4275008, at *5 (N.D. Cal. Aug. 29, 2014).

### III.   CONCLUSION

For the foregoing reasons, and those stated in Amazon's Motion, Amazon respectfully requests that this Court dismiss the Complaint in its entirety and with prejudice.

REPLY IN SUPPORT OF AMAZON'S MOTION
TO DISMISS COMPLAINT
(No. 2:25-cv-01601-RSM) –12

**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, WA 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

The undersigned certifies that this motion contains 4,182 words, in compliance with the Local Civil Rules.

Dated: January 30, 2026

By: s/ *Lauren J. Tsuji*

Charles C. Sipos, Bar No. 32825
Lauren J. Tsuji, Bar No. 55839
**Perkins Coie LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000
CSipos@perkinscoie.com
LTsuji@perkinscoie.com

*Attorneys for Defendant Amazon.com Services, LLC*

CERTIFICATE OF SERVICE
(No. 2:25-cv-01601-RSM) –13